1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

KARL NICHOLAS,

        Plaintiff,

   v.

STATE OF CALIFORNIA ET AL.,

        Defendants.

_____/

No. C 12-05392 CRB

**ORDER GRANTING MOTION TO DISMISS**

    <u>Pro se</u> plaintiff Karl Nicholas lost a civil suit against his former attorney in state court, and now seeks relief that either this Court cannot provide or that Nicholas cannot pursue. Specifically, most of the defendants he sued are immune under the Eleventh Amendment, this Court has no subject matter jurisdiction over Nicholas' request to overturn the adverse state court decision, and Nicholas lacks standing to challenge California's Interest on Lawyer Trust Account (IOLTA) law.

**I.**    **BACKGROUND**

    In 2004, Nicholas hired attorney David J. Millstein to represent him in connection with Nicholas' divorce. Unsatisfied with that representation, Nicholas sued Millstein in California state court in April 2008, alleging malpractice and negligent infliction of emotional distress. <u>See</u> <u>Nicholas v. Millstein</u>, No. A129568, slip op. at 1 (Cal. Ct. App. June

**United States District Court**
For the Northern District of California

20, 2011).[1]  The case proceeded to trial, where Nicholas represented himself.  The trial court granted nonsuit in favor of the defendants at the close of Nicholas' case based on Nicholas' failure to present expert testimony proving the applicable standard of care.  Id.

Nicholas appealed and sought (through his father) assistance with his appeal from the San Francisco Bar Association (BASF) and the Volunteer Legal Services Program (VLSP). Compl. ¶ 6.  They declined, explaining that they do not offer assistance with appeals.  Id.

In his pro se appeal, Nicholas argued that no expert testimony was required below because his lawyer failed to do basic legal research and such a malpractice theory does not require expert testimony.  Nicholas, slip. op. at 3-4.  Nicholas, however, proceeded on appeal with only a partial clerk's transcript, which Millstein supplemented with a transcript of the hearing on the motion for nonsuit.  Id.; see also Compl. ¶ 7.

On that record, the appellate court concluded that it could not decide whether expert testimony was required in Nicholas' trial because the trial court's order suggested that the malpractice theory Nicholas presented was more nuanced than his characterization of it on appeal.  Because the burden was on Nicholas to show error, the appellate court affirmed the decision below.  Nicholas, slip. op. at 4-6.

Nicholas then unsuccessfully tried various ways of convincing the appellate court to reconsider its opinion with the benefit of a full trial transcript.  He first requested rehearing, which was denied.  Compl. ¶ 9.  He then, for a second time, requested assistance from BASF and VLSP, and they again declined on the same grounds.  Id. ¶ 12.  Nicholas then moved to recall the remittitur, which the appellate court denied.  Id. ¶¶ 13-16.  Finally, Nicholas sought a writ of mandate from the Supreme Court of California, which was also denied.  Id. ¶¶ 17-18.  A third request for assistance to BASF and VLSP fared no better than the first two.  Id. ¶ 20.

---

[1]The state appellate court's opinion is properly subject to judicial notice under Federal Rule of Evidence 201, and the Court will consider it in connection with these motions to dismiss because Nicholas refers to it and relies on it as a basis for his complaint.  E.g., United States v. Ritchie, 342 F.3d 903, 908 (9th Cir. 2003).

United States District Court
For the Northern District of California

1   Turning to the federal courts, Nicholas filed this suit in October 2012, naming the

2   State of California, the California Supreme Court, the California Court of Appeal, and David

3   Millstein as defendants.  Id. at 1.  His complaint requests a "writ of mandate compelling the

4   California Court of Appeal or the California Supreme Court to recall the remittitur" in his

5   state appellate case and to "allow [him] to file the required reporter's transcripts of the trial

6   court and to consider the case on its merits."  Compl. ¶ 42.  He also seeks a "judgment

7   declaring the IOLTA Act, California Business and Professions Code Sections 6210-6228 to

8   be unconstitutional." Id. ¶ 43.[2]

9   Though it is difficult to discern the precise legal theories underlying Nicholas' suit,

10  his complaint focuses on two issues.  First, he says that "the actions of the State of

11  California, the California Court of Appeal, the Supreme Court of California, and David

12  Millstein here violated Karl Nicholas' right to petition for redress of grievances and the right

13  to due process under the law . . . because they allowed David Millstein to file reporter's

14  transcripts in the appeal but did not allow Karl Nicholas to file reporter's transcripts in the

15  appeal." Id. ¶ 19.

16  Second, he says that California's IOLTA statute "violated the equal protection clause

17  because it prohibited giving legal assistance to client with an attorney malpractice case, or an

18  appeal, if the case had any reasonable expectation of having any merit and might be

19  considered fee generating."  Id. ¶ 33.  He goes on to assert myriad variations of his equal

20  protection claim, including that IOLTA impermissibly (1) distinguishes appeals from other

21  cases, id. ¶ 35; (2) focuses funds on impoverished counties, id. ¶ 36; (3) focuses funds on

22  impoverished individuals, id. ¶ 37; (4) focuses funds on programs that "spend more money,"

23  id. ¶ 38; (5) permits arbitrary rejection of cases, id. ¶ 39; and "is dependent on market

24  conditions for income," id. ¶ 40.

25  The government defendants now move to dismiss Nicholas' complaint on the grounds

26  that (1) they are immune from suit under the Eleventh Amendment, (2) this Court lacks

27  subject matter jurisdiction over the writ of mandate claim under the Rooker-Feldman

28

[2]Nicholas also requests costs.  Compl. ¶ 44.

doctrine; (3) Nicholas lacks standing to challenge California's IOLTA law, and (4) Nicholas failed to state an equal protection claim.  MTD (dkt. 16) at 1.[3]

## II.      LEGAL STANDARD

Federal Rule of Civil Procedure (b)(1) authorizes a party to seek dismissal of an action for lack of subject matter jurisdiction.  Though the defendant makes the motion, the plaintiff bears the burden of establishing subject matter jurisdiction.  See Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375 (1994); Stock W., Inc. v. Confederated Tribes of the Colville Reservation, 873 F.2d 1221, 1225 (9th Cir. 1989).  A Rule (b)(1) jurisdictional attack may be facial or factual.  See Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004).  In resolving a facial attack, a motion will be granted if the complaint, when considered in its entirety, on its face, fails to allege facts sufficient to establish subject matter jurisdiction.  See, e.g., Savage v. Glendale Union High Sch., 343 F.3d 1036, 1040 n.2 (9th Cir. 2003).

Constitutional standing is a threshold requirement for federal court jurisdiction that warrants analysis separate from the merits of the claim.  See Lujan v. Defenders of Wildlife, 504 U.S. 555, 559-60 (1992); Maya v. Centex Corp., 658 F.3d 1060, 1067 (9th Cir. 2011). Because standing implicates a federal court's subject matter jurisdiction, Defendants may raise challenges to standing on a 12(b)(1) motion to dismiss.  White v. Lee, 227 F.3d 1214, 1242 (9th Cir. 2000).

Under Article III of the U.S. Constitution, the party seeking standing must show that it has "(1) suffered an injury in fact that is concrete and particularized, and actual or imminent; (2) the injury is fairly traceable to the challenged conduct; and (3) the injury is likely to be redressed by a favorable court decision."  Salmon Spawning & Recovery Alliance v. Gutierrez, 545 F.3d 1220, 1225 (9th Cir. 2008); Valley Forge Christian Coll. v. Ams. United for Separation of Church & State, Inc., 454 U.S. 464, 472 (1982).

---

[3] Millstein separately moved to dismiss the complaint, arguing that the Court lacks subject matter jurisdiction over the case because it is not ripe.  Millstein MTD (dkt. 19).

**United States District Court**
For the Northern District of California

1    A qualifying injury in fact as one that is "distinct and palpable, as opposed to merely

2    abstract . . . not conjectural or hypothetical."  Whitmore v. Arkansas, 495 U.S. 149, 155

3    (1990) (internal quotations omitted).  The "questions of causation and redressability [often]

4    overlap," and were "initially articulated . . . as two facets of a single causation requirement."

5    Massachusetts v. E.P.A., 549 U.S. 497, 543 (2007).

6    **III.    DISCUSSION**

7        **A.    Nicholas' Request for a Writ of Mandate**

8    Nicholas' claims against the State of California, the California Supreme Court, and

9    the California Court of Appeal are barred by both (1) the Eleventh Amendment, which

10   prohibits claims against states or their agencies, and (2) the Rooker-Feldman doctrine, which

11   prohibits claims in federal district court challenging a state court decision.

12       The Eleventh Amendment bars claims against states or their agencies, whether

13   alleging violations of state or federal law, unless the state has unequivocally consented to

14   such a suit.  Fund for Animals, Inc. v. Lujan, 962 F.2d 1391, 1397 (9th Cir. 1992); see U.S.

15   Const. amend. XI.  A suit against a state court is treated as a suit against the state for

16   Eleventh Amendment purposes.  See Greater L.A. Council on Deafness, Inc. v. Zolin, 812

17   F.2d 1103, 1110 (9th Cir. 1987); see also Simmons v. Sacramento Cty. Super. Ct., 318 F.3d

18   1156, 1161 (9th Cir. 2003).  This bar extends to claims for declaratory or injunctive relief.

19   Zolin, 812 F.2d at 1110 n.10.

20       Here, nothing indicates that California has unequivocally consented to this lawsuit, cf.

21   Lujan, 962 F.2d at 139, and Nicholas does not address the immunity issue at all in his

22   opposition to the motions to dismiss.  See generally Opp'n (dkt. 27).

23       Moreover, district courts do not have jurisdiction to review the validity of state court

24   decisions, even when a plaintiff alleges that such a decision violated his constitutional rights,

25   because only the Supreme Court has federal appellate jurisdiction over the state courts.

26   Rooker v. Fidelity Trust Co., 263 U.S. 413, 415-16 (1923); see also Lance v. Dennis, 546

27   U.S. 459, 463 (2006).  This jurisdictional bar encompasses "allegations [that] are inextricably

28

intertwined" with the validity of state court decisions.  D.C. Court of Appeals. v. Feldman, 460 U.S. 462, 486-87 (1983).

"The Rooker-Feldman doctrine bars suits 'brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.'" Carmona v. Carmona, 603 F.3d 1041, 1050 (9th Cir. 2008) (quoting Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005)).  In other words, the doctrine applies where "a federal plaintiff asserts as a legal wrong an allegedly erroneous decision by a state court, and seeks relief from a state court judgment based on that decision." Id.

That is precisely what Nicholas claims here.  Nicholas' asserted injury is the state court's allegedly erroneous decision to permit Millstein to augment the record and to not permit Nicholas to belatedly do the same, and he seeks relief in form of a writ of mandate overturning that decision.  The Rooker-Feldman doctrine deprives this Court of subject matter jurisdiction over such claims.

The Court therefore GRANTS the government defendants' motion to dismiss all claims against them with prejudice.

**B.      Nicholas' Declaratory Relief Claim**

Nicholas lacks standing to pursue his challenge to California's IOLTA law.  The gist of Nicholas' theory appears to be that BASF and VLSP use IOLTA funding to provide free legal services–though he never alleges that fact–and that various provisions in the IOLTA statute violate the Equal Protection Clause by discouraging or prohibiting IOLTA-funded programs like BASF and VLSP from offering legal assistance to Nicholas and people like him.

Assuming that Nicholas' past and current inability to receive the legal assistance he requested is a cognizable injury for standing purposes, Nicholas has not met his burden of showing causation and redressability.  He has not even alleged that BASF and VLSP rely on IOLTA funding to make any representation decisions, let alone made a showing that their specific decisions not to provide him assistance flowed from IOLTA's strictures.

**United States District Court**
For the Northern District of California

1     Along the same lines, Nicholas has not established that granting the requested relief

2  would solve his problems.  He requests that this Court "declare the IOLTA Act . . .

3  unconstitutional," Compl. ¶ 43.  He has not explained how eliminating a source of funding

4  for the kind of free legal assistance he seeks would make it <u>more</u> likely that he receives that

5  assistance in the future.

6     Since Nicholas lacks standing to pursue this claim, the Court need not reach the

7  defendants' alternative argument that Nicholas' complaint failed to state a claim under the

8  Equal Protection Clause.

9         **C.     Millstein**

10     Though Millstein is named as a defendant and does not enjoy Eleventh Amendment

11  immunity, Nicholas seeks no relief from (or directed at) Millstein, and the Court cannot

12  discern any claims against Millstein that survive the <u>Rooker</u>-<u>Feldman</u> and standing

13  deficiencies discussed above.

14  **IV.   CONCLUSION**

15     This court lacks subject matter jurisdiction over Nicholas' request for a writ of

16  mandate; the government defendants are immune from suit under the Eleventh Amendment;

17  and Nicholas lacks standing to pursue his claim for a declaration from this Court that

18  California's IOLTA law is unconstitutional.

19     Though Nicholas requested that he receive an opportunity to amend his complaint to

20  'add additional facts . . . if needed," Opp. at 4, the Court concludes that "any proposed

21  amendment would be futile," <u>see</u> <u>Reddy v. Litton Indus., Inc.</u>, 912 F.2d 291, 296-97 (9th Cir.

22  1990), since the problems with Nicholas' claims stem not from a lack of facts but from the

23  nature of the relief he seeks.

24     The Court accordingly GRANTS the government defendants' motion to dismiss with

25  prejudice, rendering Millstein's motion moot.

26         **IT IS SO ORDERED.**

27

28  Dated: March 8, 2013                    _____
                                            CHARLES  R. BREYER
                                            UNITED STATES DISTRICT JUDGE